## Mowbray & Robinson Lumber Company v. Deaton.

(Decided June 16, 1931.)

SHUMATE & SHUMATE and M. C. BEGLEY for appellant.

G. C. ALLEN, A. H. PATTON and J. M. MUNCY for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

The appellee Sambo B. Deaton's petition and evidence on direct examination were simply that, under a contract with the appellant, he had hauled a certain number of logs of stated quantity to a tram road and was unable to complete his contract to deliver them at a point on the river because of the appellant's refusal to brand and measure the logs, and that he had thereby been damaged $2,000. But the facts as developed on cross-examination, and other evidence in the case did not coincide with appellee's claim thus epitomized.

In May, 1927, the company entered into a contract with Reynolds Brothers by which the latter agreed to deliver at Maloney by April 1, 1928, twelve to fifteen hundred sawlogs, cut and to be cut on certain timber land. One-third of the stipulated price was payable when the logs should be measured and branded and "placed on the skids on completed tram road," and the balance when they were delivered in the raft at Maloney. The company agreed to measure the logs on the skids as often as convenient between May 1, 1927, and November 1, 1927. A controversy arose between the parties to this contract, and it found its way to this court. Mowbray & Robinson Lumber Co. v. Reynolds, 230 Ky. 201, 18 S. W. (2d) 966.

In the meantime, negotiations were entered into between the company and the appellee, Deaton, to take over that contract. The agreement appears to have been reached verbally, and afterwards reduced to writing on August 18, 1927. By this written contract Deaton bound himself to deliver at Maloney by July 1, 1928, all the logs

which had been sold by Reynolds Brothers to the company at prices agreed upon with Reynolds Brothers. Under this contract one-sixth was payable when the logs were "measured and branded on completed tram road;" 50 per cent. less the one-sixth as the logs were delivered and the balance when all of them had been delivered, less certain advancements. It was provided that "all the terms of the contract between Reynolds Brothers and the Mowbray & Robinson Lumber Company are a part of this contract."

The appellee testified that he knew nothing about the terms of the Reynolds contract; that he agreed to do the work at prices which had been shown him; that the reference in his contract to the Reynolds contract was to have been taken out. However, his admissions dissipate claims of ignorance and elimination of the reference to the Reynolds contract. He testified to having brought the logs to the tram road, which he says ran to a church a few hundred yards from the river, and says he called upon the company many times to measure and brand the logs, with the offer that he would haul them with his teams to the river. He stated that he could have gotten the logs to Maloney as stipulated in his contract had the company not failed and refused to perform its part of the agreement by branding and measuring the logs. Because he could get no action by it, he abandoned the job sometime in December. He did not understand he was bound to have the logs at a completed tram road by November 1st, as the company contends.

Neither contract in express terms provides who should build this tram road, but the appellee admits that he understood Reynolds Brothers was to do the work, and that he was to pay them $125 for some purpose which was not clearly disclosed. From the contemporary construction placed on the contract by all the parties, it is easily concluded that Reynolds Brothers were to build this road, and that duty devolved upon this appellee under his commitment. The road was completed by Reynolds Brothers (who seem to have had some interest with the appellant) in April, 1928, and, although under the contract the appellee had until July 1, 1928, to get the logs to Maloney, he did nothing further after December, 1927, except to request the measurement and branding of the logs.

The company relied on the written contracts with Deaton and Reynolds Brothers, insisting that the tram road was to be completed and logs placed at the road by November 1st. Its agent testified that the company was at all times ready and willing to measure and brand the logs, but the appellee did not have them ready. It did not comply with Deaton's request to do so after the road had been completed, as the time had expired the previous November. It had notified the plaintiff of the cancellation of the contract because of non-compliance with its terms.

The impression to be gathered from the evidence is that Deaton was not familiar with the terms of his contract, and that his actions were governed by what he understood the agreement to be without having referred to its specific stipulations. The case was submitted to the jury upon that theory, which was erroneous. Vanzant Lumber Co. v. Hopkins, 238 Ky. 179, 37 S. W. (2d) 37. Under the pleadings and the evidence, the court should have directed a verdict for the defendant. Every other question is reserved. Upon another trial, if the pleadings are amended and the evidence is conflicting, the court should construe the contract and submit to the jury the question of fact as to who breached it. The opinion of Collins v. Swan-Day Lumber Co., 158 Ky. 231, 164 S. W. 813, will be of assistance.

The judgment is reversed for consistent proceedings.